**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| NORTHROP GRUMMAN INFORMATION TECHNOLOGY, INC., Plaintiff, | ) | |
| v. | ) | |
| UNITED STATES, Defendant, | ) | No. 06-607 C (Judge Block) |
| and | ) | |
| LOCKHEED MARTIN SERVICES, INC., Movant for Intervention for a Limited Purpose. | ) | |

**LOCKHEED MARTIN'S MOTION TO STAY THE APPLICATION OF SECTION 2(b) OF THE COURT'S PROTECTIVE ORDER AND REQUEST FOR EXPEDITED CONSIDERATION**

Movant for intervention for a limited purpose, Lockheed Martin Services, Inc. ("Lockheed Martin" or the "Company"), respectfully asks the Court to stay the potential automatic admission of an applicant for access to protected information pursuant to section 2(b) of the Protective Order, so that Lockheed Martin may fully exercise its rights to protect its trade secrets and proprietary information. Moreover, because the admission process under the Court's Protective Order would allow admission as early as close of business tomorrow, Friday, September 29, which is six days *before* the Court has scheduled a hearing to resolve Lockheed Martin's motion to intervene for a limited purpose, we respectfully request that the Court consider this

motion for a stay on an expedited basis, and that the Court order that the proposed admission of a consultant for plaintiff, Northrop Grumman Information Technology, Inc. ("NGIT"), shall be delayed until, at least, two days after the resolution of Lockheed Martin's motion to intervene.

**1.** Lockheed Martin filed its motion to intervene on September 15, 2006, and following the Court's September 19 status conference on our motion, Lockheed Martin filed a supplemental memorandum in support of its motion on September 25. NGIT and the Government shall file any responses to Lockheed Martin's motion and supplemental memorandum by tomorrow, Friday, September 29. The Court has scheduled oral argument on this motion for 2:00 p.m., on Thursday, October 5.

Yesterday (Wednesday, September 27) afternoon, NGIT filed an "application for access to information under [the] protective order" for Ms. Ann Benson, an "Expert Consultant with Lincoln Insight." Section 2(b) of this Court's Protective Order makes clear that after a "party seeking to have such person granted access provides a copy of the executed Application to each other party," the applicant for admission

> shall, without further action by the court, be permitted access to protected information at the close of the second business day after the other parties have received the Application, unless, in the interim, any party informs the requesting party of an objection.

Protective Order in 06-607 (Fed. Cl.), § 2(b). Because the Government and Lockheed Martin were provided notice of NGIT's application by the Court's Electronic Case Filing system on September 27, Ms. Benson could be granted access to the Administrative Record by operation of the Protective Order at the close of business Friday (September

29) afternoon, unless this Court stays the application of section 2(b) of the Protective Order (or the only other current party, the Government, submits a formal objection).

**2.** As Lockheed Martin has not yet been admitted as a "party" for the purposes described in its motion, it does not have the ability to submit an objection to Ms. Benson's admission under the Protective Order. Nor does Lockheed Martin, which is not yet a party to these proceedings, possess the practical ability to negotiate for necessary modifications to the Protective Order related to Ms. Benson's potential admission. NGIT should not be permitted to abrogate Lockheed Martin's right to fully protect its proprietary interests by having plaintiff's consultant admitted under the Protective Order *before* Lockheed Martin's motion to intervene for a limited purpose is resolved.

As Lockheed Martin has explained, the potential admission under the Protective Order of improper consultants – or the admission of consultants without adequate restrictions – presents a fundamental danger with respect to the Company's trade secrets and proprietary information. LM Sept. 25 Supp. Br. at 9. Although Government counsel has been solicitous of Lockheed Martin's position, he has neither the same interest (*see Armour of America v. United States*, 70 Fed. Cl. 240, 245 (2006); LM Sept. 15 Mot. to Intervene at 6) nor the resources to scrutinize a request for access under the Protective Order in the same manner or with the same degree of intensity that Lockheed Martin's counsel would conduct such due diligence. LM Sept. 25 Supp. Br. at 8. What is more, as Mr. Lubniewski explained in his declaration (¶ 14), "[w]ithout knowledge of the nature of this competitive arena and the sophisticated players who

work in this area, it is possible that an individual would be admitted to the protective order without an adequate appreciation of the risks posed."

**3.** Finally, any difficulty imposed on NGIT by the several-day delay in having its consultant potentially admitted under the Protective Order is not a sufficient reason to abrogate Lockheed Martin's right to protect its proprietary interests. We are currently investigating Ms. Benson's employment history (*i.e.*, whether any of her past work should disqualify or limit her potential admission in this case), and at least one engagement described on her resume may present an issue requiring further analysis, as it may have been an A-76 competition in which Lockheed Martin is currently competing. Moreover, Lockheed Martin will seek modification of several aspects of the Protective Order to protect the Company's proprietary information with respect to Ms. Benson's potential admission. Lockheed Martin's right to pursue protection with respect to these issues in this case should not be disregarded by virtue of the automatic provisions of the Protective Order.

## CONCLUSION

For the reasons set forth above, Lockheed Martin's motion for a stay of the application of section 2(b) of the Protective Order – and for expedited consideration of this matter – should be granted.

Respectfully submitted,

s/ Marcia G. Madsen

MARCIA G. MADSEN
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, NW
Washington, D.C. 20006
(202) 263-3000
(202) 263-3300 Facsimile

Of Counsel:

LUKE LEVASSEUR
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, NW
Washington, D.C. 20006

*Counsel for Intervenor, Lockheed Martin Services, Inc.*
September 28, 2006