**Agreed-Upon Redacted Copy—May Be Made Public**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **NORTHROP GRUMMAN INFORMATION TECHNOLOGY, INC.**,<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA**,<br><br>Defendant. | ) | No. 06-607C<br>Judge Block |

**PLAINTIFF'S OPPOSITION TO LOCKHEED MARTIN'S**
**MOTION TO INTERVENE FOR A LIMITED PURPOSE**

William W. Thompson, Jr.
Peckar, Abramson, Bastianelli & Kelley, LLP
Two Lafayette Centre
1133 21st Street, N.W., Suite 500
Washington, D.C. 20036
(202) 293-8815
(202) 293-7994 (facsimile)

*Counsel for Northrop Grumman Information Technology, Inc.*

Dated: September 29, 2006

*Of Counsel*
Michael A. Branca
Lori Ann Lange
Peckar, Abramson, Bastianelli & Kelley, LLP
Two Lafayette Centre
1133 21st Street, N.W., Suite 500
Washington, D.C. 20036
(202) 293-8815

**Agreed-Upon Redacted Copy—May Be Made Public**

**TABLE OF CONTENTS**


I. INTRODUCTION .......... 1

II. STATEMENT OF FACTS .......... 3

III. LEGAL ARGUMENT .......... 5

A. Legal Standard .......... 5

B. Lockheed Martin Does Not Meet The Threshold Legal Requirements For Intervention .......... 7

1. Lockheed Martin's Claimed Interest Does Not Justify Intervention .......... 8

2. Lockheed Martin's Ability to Protect its Interest Is Not Impeded or Impaired .......... 9

3. DOJ is Adequately Representing Lockheed Martin's Proprietary Interests .......... 10

C. Lockheed Martin's Motion Is Not Ripe .......... 13

D. The Types Of Intervention Sought By Lockheed Martin Are Unreasonable And Unnecessarily Broad .......... 14

IV. CONCLUSION .......... 17

**Agreed-Upon Redacted Copy—May Be Made Public**

# TABLE OF AUTHORITIES

## CASES

*American Maritime Transp., Inc. v. United States*, 870 F.2d. 1559, 1561 (Fed. Cir. 1989) ........ 6, 9
*American Renovation & Constr. v. United States*, 65 Fed. Cl. 254, 259 (2005) ........ 6, 7, 11
*Anderson Columbia Envt'l, Inc. v. United States*, 42 Fed. Cl. 880, 881 (1999) ........ 6, 7, 11
*Armour of America v. United States*, 70 Fed. Cl. 240 (2006) ........ 13, 14, 16
*City of Cleveland v. Nuclear Regulatory Comm'n*, 17 F.3d 1515, 1517 (D.C. Cir. 1994) ........ 6
*City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10 Cir. 1996) ........ 7
*Donaldson v. United States*, 400 U.S. 517, 530-531 (1971) ........ 6
*Freeman v. United States*, 50 Fed. Cl. 305, 310 (2001) ........ 7, 11
*Grutter v. Bollinger*, 188 F.3d 394, 397-398 (6th Cir. 1999) ........ 6
*New York News, Inc. v. Kheel*, 972 F.2d 482, 485-486 (5th Cir. 1991) ........ 6
*Ordance Container Corp. v. Sperry Rand Corp.*, 478 F.2d 844 (5th Cir. 1973) ........ 7, 12
*Smith v. Gale*, 144 U.S. 509, 518, (1892) ........ 6
*Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10. (1972) ........ 7
*United States v. American Tel. & Tel. Co.*, 642 F.2d 1285, 1292 (D.C. Cir. 1980) ........ 6
*United States v. Texas E. Transmission Corp.*, 923 F.2d 410, 414 (5th Cir. 1991) ........ 6
*Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214 (4th Cir. 1976) ........ 7
*Washington Elec. Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990) ........ 7
*Westlands Water Dist. v. United States*, 700 F.2d 561, 563 (9th Cir. 1983) ........ 6

## STATUTES

10 U.S.C. § 2305(g) ........ 11
41 U.S.C. § 253b(m) ........ 11
Freedom of Information Act, 5 U.S.C. § 552(b)(4) ........ 11
Procurement Integrity Act, 41 U.S.C. § 423 ........ 11
Trade Secrets Act, 18 U.S.C. § 1905 ........ 12

## REGULATIONS

FAR 24.202 ........ 11
OMB Circular A-76, Att. B, 5.e ........ 12

**Agreed-Upon Redacted Copy—May Be Made Public**

**RULES**

FRCP Rule 24(a) ........ 6
RCFC Rule 24(a) ........ *passim*

**Agreed-Upon Redacted Copy—May Be Made Public**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **NORTHROP GRUMMAN INFORMATION TECHNOLOGY, INC.** | |
| Plaintiff, | |
| v. | No. 06-607C<br>Judge Block |
| **UNITED STATES OF AMERICA** | |
| Defendant. | |

**PLAINTIFF'S OPPOSITION TO LOCKHEED MARTIN'S MOTION TO INTERVENE FOR A LIMITED PURPOSE**

Pursuant to the Court's September 20, 2006 Scheduling Order, Plaintiff, Northrop Grumman Information Technology, Inc. ("Northrop Grumman"), hereby files its Opposition to Lockheed Martin Services, Inc.'s ("Lockheed Martin") Motion to Intervene for a Limited Purpose. As discussed below, Lockheed Martin fails to satisfy the legal standard for intervention. Therefore, Lockheed Martin's Motion should be denied.

## I. INTRODUCTION

On September 15, 2006, Lockheed Martin filed a motion (the "Motion") to "intervene for a limited purpose" in the contest of an A-76 award decision that has been filed by Northrop Grumman. Following a telephonic status conference with the Court on September 19, 2006, the Court issued a Scheduling Order permitting Lockheed Martin to submit supplemental motion papers. At the

conclusion of the September 19, 2006 status conference, the Court directed Lockheed Martin to address three principal issues: (1) whether Lockheed Martin can offer evidence that it has proprietary interests that need to be protected; (2) whether Lockheed Martin's motion is ripe, in view of the fact that none of its allegedly proprietary information has been inadvertently disclosed; and (3) the basis for Lockheed Martin's concern that the Government may not adequately protect its proprietary information. Lockheed Martin filed a Supplement Memorandum Related to its Motion to Intervene for a Limited Purpose on September 25, 2006 (the "Supplemental Memorandum").

Aside from a Declaration of Steve Lubniewski attesting to Lockheed Martin's belief that it has proprietary information requiring protection, Lockheed Martin's Supplemental Memorandum adds nothing to its legal or factual justification for the extraordinary relief that Lockheed Martin seeks, and neither cures the legal deficiencies in its Motion nor satisfactorily addresses the second two issues raised by the Court during the September 19, 2006 conference. Specifically, Lockheed Martin completely disregarded the Court's direction that Lockheed Martin explain why its motion is ripe, and provided nothing but unsubstantiated speculation as to why the Department of Justice ("DOJ") is not and cannot adequately protect Lockheed Martin's alleged proprietary interests. Lockheed Martin's failure to address the Court's concerns speaks volumes and is in itself sufficient to warrant the denial of its Motion.

In its Supplemental Memorandum, Lockheed Martin now requests intervention for three purposes: (1) To review and comment upon applications for access under the Protective Order by outside consultants; (2) to review and comment upon the parties' proposed redactions to pleadings and other filings; and (3) to have an opportunity to propose redactions to the administrative record before it is released at the conclusion of this case. Lockheed Martin further argues that, to

**Agreed-Upon Redacted Copy—May Be Made Public**

accomplish these purposes, its counsel must be immediately admitted under the Protective Order and provided access to the administrative record. However, nowhere in its Supplemental Memorandum does Lockheed Martin even attempt to explain why current admission under the Protective Order and access to the administrative record are necessary *at this time* to protect its allegedly proprietary interests. This glaring omission in Lockheed Martin's Supplemental Motion strongly suggests that its three stated purposes for intervention are a facade, and that its real purpose is to achieve *de facto* party status so that it can assist the Government in the defense against Northrop Grumman's protest.

Lockheed Martin's Motion should be denied on four fundamental grounds. *First*, Lockheed Martin cannot intervene for the purpose of protecting proprietary information because Lockheed does not satisfy the legal standard for intervention under RCFC 24. *Second*, Lockheed Martin's Motion is not ripe. *Third*, Lockheed Martin has failed to rebut the presumption that the Government will not adequately protect its proprietary information, all of which is currently under the Protective Order. *Fourth*, assuming *arguendo* that its Motion is otherwise meritorious, Lockheed Martin seeks a role in this litigation that is unreasonable, unnecessarily broad, and certainly not tailored to protect its alleged interests.

## II. <u>STATEMENT OF FACTS</u>

1. On August 28, 2006, Northrop Grumman initiated an action against the United States Army Corps of Engineers ("USACE") challenging the USACE's award decision in favor of the Most Efficient Organization ("MEO") in an OMB Circular A-76 competition for Information Management/Information Technology ("IMIT") services currently performed by the USACE and its incumbent subcontractors. These services include such work as records management, printing and

publication services, replacement and maintenance of USACE desktop and laptop computers, and IMIT administration and management. Although Lockheed Martin may regard as proprietary the information that it contributed to the MEO's proposal, the information itself is not of special or different sensitivity than the types of business-sensitive information that any other subcontractor might submit in connection with a similar proposal.

2. Northrop Grumman's Complaint and motion papers were filed under seal.

3. On August 31, 2006, the Court entered a Protective Order in the standard form adopted by the Court. RCFC, Appendix C, VI.

4. On September 1, 2006, Northrop Grumman's outside counsel filed Applications for Admission under the Protective Order. No objections were lodged by the Government.

5. On or about September 7, 2006, the Government filed the agency record under seal.

6. All documents in the agency record and other documents and files that have been produced to Northrop Grumman's counsel have been designated by the Government as protected material pursuant to the Protective Order.

7. No protected information has been inadvertently disclosed, and no allegations of inadvertent disclosure have been made by either party.

8. In discussions between counsel for the Government and counsel for Northrop Grumman, Government counsel has made it clear that he is regularly and directly communicating with Lockheed Martin's counsel with regard to the protection of information that Lockheed Martin regards as proprietary.

9. As reflected in the administrative record, the MEO proposal **[REDACTED]**.

10. Much of the information that Lockheed Martin claims as proprietary is in the public domain. For example, **[REDACTED]**. As the MEO proposal makes clear, **[REDACTED]**. (AR p. 5144). By the same token, **[REDACTED]** is also a matter of public information. Yet, even this information is subject to the Protective Order.

## III. LEGAL ARGUMENT

### A. Legal Standard

Rule 24(a)(2) of the Rules of the Court of Federal Claims states that a party may intervene of right:

> [W]hen the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Thus, an applicant may be allowed to intervene if it files a timely application and satisfies the following three requirements to qualify for an intervention of right:[1] (1) the applicant must have an interest in the litigation; (2) its interest will be impaired or impeded if intervention is denied; and (3) the existing parties to the suit inadequately represent its interest. *American Renovation & Constr. v. United States*, 65 Fed. Cl. 254, 259 (2005). *See also*, *Grutter v. Bollinger*, 188 F.3d 394, 397-398 (6th Cir. 1999); *New York News, Inc. v. Kheel*, 972 F.2d 482, 485-486 (5th Cir. 1991). Although Rule 24(a) is construed liberally, the burden is upon the applicant to establish intervention of right.[2]

[1] Federal Rule of Civil Procedure 24(a), is virtually identical to Rule 24(a) of the Court of Federal Claims. Precedent under the Federal Rules of Civil Procedure is persuasive in the Court of Federal Claims. *See generally*, *Anderson Columbia Envt'l, Inc. v. United States*, 42 Fed. Cl. 880, 881 (1999).

[2] The courts have reached differing conclusions as to whether a party seeking to intervene of right must satisfy Article III standing requirements. The District of Columbia Circuit requires that an intervenor of right possess standing because an intervenor seeks to have equal footing with the existing parties. *City of Cleveland v. Nuclear Regulatory Comm'n*, 17 F.3d 1515, 1517 (D.C. Cir. 1994). Lockheed Martin contends that it "does not seek intervention as a full party." Motion,

*United States v. Texas E. Transmission Corp.*, 923 F.2d 410, 414 (5th Cir. 1991)(burden is on applicant to prove intervention of right).

Intervention may be appropriate when the interests of the applicant are "of such direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *United States v. American Tel. & Tel. Co*., 642 F.2d 1285, 1292 (D.C. Cir. 1980) (*quoting Smith v. Gale*, 144 U.S. 509, 518, (1892)). The applicant must possess a "legally protectable interest." *Donaldson v. United States*, 400 U.S. 517, 530-531 (1971)(an intervenor must have a "significantly protectable interest"); *Westlands Water Dist. v. United States*, 700 F.2d 561, 563 (9th Cir. 1983). The "interest must be more than a mere economic interest, and not indirect or contingent." *American Maritime Transp., Inc. v. United States*, 870 F.2d. 1559, 1561 (Fed. Cir. 1989). If the applicant's interest is contingent upon the occurrence of a sequence of events or is collateral to the action, it is insufficient to establish intervention as a matter of right. *See e.g., Washington Elec. Inc. v. Massachusetts Mun. Wholesale Elec. Co*., 922 F.2d 92, 97 (2d Cir. 1990). *See also, City of Stilwell v. Ozarks Rural Elec. Coop. Corp.,* 79 F.3d 1038, 1042 (10 Cir. 1996).

The burden is on the applicant to show that its interests are not adequately represented by any of the existing parties. *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10. (1972). Once an applicant has established an interest in the action, it must show that disposition of the action may impair or impede the applicant's practical ability to protect that interest. RCFC 24(a). *Washington Elec. Inc.*, 922 F.2d at 98.

When an applicant has the "same ultimate objective" as an existing party, a presumption of adequate representation exists "unless the proposed intervenor can show an *adversity of interests*

---

p. 5. However, the description of the role Lockheed Martin wants to have in the litigation would prove to be significant,

between itself and the party." *American Renovation Constr.*, 65 Fed. Cl. at 264 (emphasis added) (*citing*, *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214 (4th Cir. 1976). *See also*, *Ordance Container Corp. v. Sperry Rand Corp.*, 478 F.2d 844 (5th Cir. 1973)(to overcome the presumption of adequate representation, the applicant must establish collusion, nonfeasance, or adversity of interest). The Court of Federal Claims has held that when the Government is a party, the Government is presumed to represent the applicant's interests. *Anderson Columbia Envt'l, Inc.*, 42 Fed. Cl. at 883; *Freeman v. United States*, 50 Fed. Cl. 305, 310 (2001).

**B. Lockheed Martin Does Not Meet The Threshold Legal Requirements For Intervention**

The relief sought by Lockheed Martin is extraordinary. Lockheed Martin admits that it is a subcontractor to the MEO in the A-76 competition at issue. Thus, Lockheed Martin stands in the same position as countless other subcontractors whose interests, including their proprietary interests, are routinely litigated in this Court without the intervention of such subcontractors for any purpose. Lockheed Martin's motion to intervene should be denied because Lockheed Martin does not satisfy the three requirements set forth in RCFC 24(a) that an applicant must meet before intervention of right is permitted.

**1. Lockheed Martin's Claimed Interest Does Not Justify Intervention**

Lockheed Martin claims that its proprietary interests[3] are endangered by Northrop Grumman's contest. However, Lockheed Martin's interests are the same as every other contractor, both subcontractors and prime contractors, whose proprietary information may be part of the

---

thus putting Lockheed on the "same footing" as the existing parties.

[3] In its September 15, 2006 Motion, Lockheed Martin asserted that it "actually has an interest in the litigation as a whole, but believes that, for now, its interest with respect to many of the issues are being adequately represented…." Motion at p. 6.

administrative record in a bid protest, yet who have no standing to intervene. Experienced contractors such as Lockheed Martin understand this fact, but nevertheless choose to participate in the federal procurement process. They do so because they know the Government has an obligation to protect proprietary information submitted to the Government in confidence during the course of a procurement.

In its Supplemental Motion, Lockheed Martin attempts to differentiate itself from all of the other similarly situated contractors and subcontractors by arguing that its proprietary information is at the same time more complex than that of other contractors' and somehow more concealed so that Government counsel would not know to protect it. Other than the argument of its counsel, however, Lockheed Martin has offered no substantiation for these broad assertions. The simple fact of the matter is that Lockheed Martin is not uniquely situated in this case, and therefore a new legal rule should not be carved out especially for Lockheed Martin. Yet, Lockheed Martin invites the Court to open Pandora's box and allow every future contractor and subcontractor – at any tier – to intervene in a bid protest upon the pretext of the mere existence of its proprietary information in the administrative record.

**2. Lockheed Martin's Ability to Protect its Interest Is Not Impeded or Impaired**

Lockheed Martin's intervention request is based upon mere speculation that its proprietary information may be improperly disclosed. This speculation, however, is insufficient to support Lockheed Martin's Motion. Lockheed Martin may have a legally protectable interest in its proprietary information. But, Lockheed Martin has not demonstrated that this interest will be, is likely to be, or even *may* be, impaired if Lockheed Martin is not permitted to intervene.

**Agreed-Upon Redacted Copy—May Be Made Public**

Lockheed Martin's proprietary information could be exposed "only if each and every one of a chain of other possible, but not certain, events were to take place." *American Maritime Transp., Inc.*, 870 F.2d at 1561. With respect to Lockheed Martin's request to review and comment upon applications for admission under the Protective Order, the long chain of purely speculative possibilities includes the following:

- Northrop Grumman would have to propose an otherwise qualified consultant who would pose a demonstrable future risk to Lockheed Martin.
- Because the DOJ has and undoubtedly will continue to consult with Lockheed Martin's counsel regarding these matters, Lockheed Martin's counsel would have to fail to communicate to the DOJ that the DOJ should object to a given consultant.
- The Government would have to fail to object to the consultant.
- The consultant, who has agreed to be bound by the terms of the Protective Order, would have to secretly harbor improper motives.
- The consultant would have to improperly use the allegedly proprietary information in violation of the Protective Order.

The second and third links in this chain ensure that Lockheed's Martin's interests are protected. As Lockheed Martin freely admits in its Motion, DOJ's counsel is working cooperatively with DOJ's counsel and is protecting Lockheed Martin's interests. Breaking this chain of events is not a real world possibility and Lockheed Martin's interests are in no danger of being impaired.

With respect to Lockheed Martin's request to offer redactions to pleadings and the administrative record, there simply can be no impairment to Lockheed Martin's interest unless counsel for DOJ refuses or fails to fulfill his obligation to protect proprietary information submitted

in confidence to the USACE. Counsel for DOJ is quite experienced in bid protest cases and surely is capable of making any appropriate redactions. Based on the September 19, 2006 status conference, it is clear that counsel for DOJ understands this obligation and intends to honor it.

Moreover, counsel for DOJ is being assisted in this case by the counsel for the USACE who served as legal advisor to the Contracting Officer from the beginning of this procurement. Certainly, counsel for the USACE is capable of assisting counsel for DOJ to identify the appropriate redactions. In sum, Lockheed Martin's Motion is predicated on the unsupportable presumption that counsel for DOJ is not capable of doing his job, even with the assistance of counsel for the USACE.

**3. DOJ is Adequately Representing Lockheed Martin's Proprietary Interests**

As discussed above, it is clear that that the DOJ's representation of Lockheed Martin's interest in this matter has been more than adequate. Lockheed Martin does not allege and there is no evidence to suggest that DOJ has failed to adequately protect the proprietary information of Lockheed Martin. To the contrary, Lockheed Martin's Motion repeatedly avers that its interests are, in fact, being adequately protected by DOJ. Motion, pp. 6, 8. No inadvertent disclosures have occurred, and DOJ counsel is regularly communicating with Lockheed Martin's counsel specifically with regard to the protection of Lockheed Martin's proprietary information. As Lockheed Martin stated in its original Motion, its "counsel have worked with Government counsel, who has been *solicitous of, and helpful with respect to, Lockheed Martin's need to protect its trade secrets and proprietary information*." Motion, p. 6; emphasis added.

Lockheed Martin cannot overcome the presumption of adequate representation. When the Government is a party, it is presumed to represent the applicant's interests. *Anderson Columbia Envt'l, Inc.*, 42 Fed. Cl. at 883; *Freeman*, 50 Fed. Cl. at 310. In order to rebut this presumption, the

applicant must show collusion, adversity of interest, or nonfeasance. When an applicant has the "same ultimate objective" as an existing party, a presumption of adequate representation exists "unless the proposed intervenor can show an adversity of interests between itself and the party." *American Renovation Constr.*, 65 Fed. Cl. at 264. Both the Government and Lockheed Martin share the same ultimate goal with regard to the protected materials – ensuring that proprietary information is not inadvertently released to the public.

The Government has a statutory duty not to release a contractor's proposal unless that proposal is set forth or incorporated by reference into a contract entered into between the agency and the contractor that submitted the proposal. 10 U.S.C. § 2305(g); 41 U.S.C. § 253b(m). The Federal Acquisition Regulation ("FAR") implements this statutory prohibition at FAR 24.202. The Freedom of Information Act, 5 U.S.C. § 552(b)(4), the Procurement Integrity Act, 41 U.S.C. § 423, and the Trade Secrets Act, 18 U.S.C. § 1905, similarly prohibit the Government from releasing trade secrets and confidential commercial or financial information. OMB Circular A-76 further prohibits the Government from releasing the proprietary information of subcontractors in an A-76 competition. OMB Circular A-76, Attachment B, 5.e. ("Proprietary information of private sector providers of subcontracts included in agency or public reimbursable tenders shall not be released.") Thus, it is clear that the Government has a substantial interest in ensuring that Lockheed Martin's proprietary information is not disclosed.

Lockheed Martin, however, contends that its interest in protecting its proprietary information is "much broader and deeper than the Government's" interest. However, even if true, the fact that Lockheed Martin's interests may not be entirely coextensive with the Government's interests does not justify intervention. To be entitled to intervene, Lockheed Martin must prove that its interests are

*in conflict* with the Government's interest. Even though Lockheed Martin may consider itself the best gatekeeper of its proprietary information, this is not the standard for intervention. Intervention is permitted when substantive interests are adverse. Lockheed Martin has failed to show how its purportedly broader interests *conflict* with the Government's statutory requirement to safeguard proprietary information.

Because the objectives of both the Government and Lockheed Martin are the same and therefore are not in conflict, the only way Lockheed Martin can overcome the presumption of adequate representation is to allege collusion or nonfeasance on behalf of the DOJ. *Ordnance Container Corp.*, 478 F.2d 844 (to overcome the presumption of adequate representation, the applicant must establish collusion, nonfeasance, or adversity of interest). Lockheed Martin has made no such allegations, but rather has conceded that the DOJ counsel has adequately represented Lockheed Martin's interest thus far. The inescapable fact is that DOJ is and will continue to adequately represent Lockheed Martin's interest. Lockheed Martin has not rebutted the presumption of adequate representation and is not entitled to intervene in this case.

**C. <u>Lockheed Martin's Motion Is Not Ripe</u>**

In the case upon which Lockheed Martin principally relies, *Armour of America v. United States*, 70 Fed. Cl. 240 (2006), the Court granted the extraordinary remedy of limited intervention because the Government had inadvertently disclosed the proprietary information of the movant, who was the reprocurement contractor on a helicopter design, manufacture and testing contract. This proprietary information was disclosed to the plaintiff, a competitor of the movant, whose contract had been terminated for default. On these facts, the Court had no trouble finding that the movant had

met its burden of showing a substantial likelihood that the defendant would not adequately protect the movant's proprietary information. As the Court stated:

> Defendant's improper disclosure of the proprietary information that led to this motion to intervene is more than sufficient evidence of the failure of Defendant to adequately represent the interests of [the movant]. Moreover, as is apparent from the briefing on this motion, Defendant and [the movant] disagree on what measures are necessary to adequately protect the proprietary information of [the movant].

*Armour of Am.*, 70 Fed. Cl. at 245-46.

Lockheed Martin's entire Motion is based upon an inchoate and unsubstantiated concern that the persons admitted to the Protective Order *might* inadvertently disclose Lockheed Martin's proprietary information, even though there is no evidence to suggest that such a concern is justified. Lockheed Martin's unsubstantiated concern clearly does not meet the legal standard set in *Armour of America.*

RCFC 24(a) does not permit intervention based on the *potential future possibility* of an inadvertent disclosure. The rule plainly speaks in the present tense: the interest of the applicant ***is not presently*** being adequately represented by the parties. This is the reason that the Court granted limited intervention in *Armour of America* – the movant's interests had in fact been compromised. If the rule had been intended to cover prospective eventualities, it would so state. To allow Lockheed Martin to intervene here, with nothing but a prospective, unsubstantiated concern would be to open the flood gates to interventions by subcontractors. Lockheed Martin's Motion is clearly not ripe.

### D. <u>The Types Of Intervention Sought By Lockheed Martin Are Unreasonable And Unnecessarily Broad</u>

Even if Lockheed Martin had met the threshold legal requirements for limited intervention, the types of intervention sought by Lockheed Martin are unreasonable and overly broad. In *Armour of America*, the movant was permitted to intervene "for the sole purpose of protecting its proprietary

information by way of a modification to the protective order." 70 Fed. Cl. at 246. The Court specifically rejected the movant's request to participate in the litigation as an "intermediary to prevent further release of proprietary information" during discovery. *Id.* at 242. As the Court concluded, the movant "has no right to participate in discovery." *Id.* at 246.

In its original Motion, Lockheed Martin sought to participate in this litigation on five different levels. In some instances, the requested participation was too general to fully understand its purpose. For example, Lockheed Martin sought to "examine all uses of its proprietary information in the record, in the parties' briefs, and during oral arguments." Motion, p. 9. Lockheed Martin's Motion did not reveal what form this examination might take, when it would occur, or what the consequences might be.

Lockheed Martin revised the levels of participation it is seeking in its Supplemental Motion. Lockheed Martin now requests intervention for three purposes: (1) to review and comment upon applications for access under the Protective Order by outside consultants; (2) to review and comment upon the parties' proposed redactions to pleadings and other filings; and (3) to have an opportunity to propose redactions to the administrative record before it is released at the conclusion of this case. Lockheed Martin also requests that its counsel immediately be admitted under the protective order and provided access to the entirety of the administration record.

Taken as a whole, Lockheed Martin's requested participation is unreasonably broad even if intervention was proper in the first instance.

*First,* in order to review and comment on applications for admission under the protective order, there is absolutely no need for Lockheed Martin's counsel to be admitted under the Protective Order. Applications are outside of the coverage of the Protective Order and Lockheed Martin's

counsel is free to continue to collaborate with DOJ counsel regarding any objections to an applicant. Further, there is absolutely no need for Lockheed Martin's counsel to have access to the administrative record because they obviously already know what proprietary information of Lockheed Martin needs to be protected.

*Second,* there is likewise no need for Lockheed Martin's counsel to be admitted under the Protective Order and no need to have access to the administrative record in order to propose additional redactions to the proposed public version of pleadings, *i.e.*, pleadings upon which both counsel for Northrop Grumman and counsel for DOJ had reached agreement on redactions.

*Third*, once again, there is no need for Lockheed Martin's counsel to be admitted under the Protective Order and no need to have access to the administrative record in order to propose additional redactions to the proposed public version of the administrative record. Currently, all of the documents in the administrative record are covered by the Protective Order. Counsel for Lockheed Martin could propose any additional redactions after the parties had agreed on a public version of the record.

The clear over breadth of Lockheed Martin's requested intervention evidences Lockheed Martin's true intent to become a *de facto* party in this litigation. However, no such role would be permissible in this Court, even if DOJ had made an inadvertent disclosure. *Armour of America*. In short, Lockheed Martin's request for its counsel to be immediately admitted under the Protective Order and be provided with access to the administrative record appears to be nothing more than a thinly veiled attempt to interpose itself as a full participant in these proceedings.[4]

[4] Lockheed Martin's final argument, that Northrop Grumman has a numerical advantage in the number of lawyers assigned to the case, is puzzling. Even if true, this is obviously not a proper basis for an intervention of right. Moreover, given the legal resources of DOJ and the USACE, it is specious to suggest that the Government is somehow at a disadvantage.

**Agreed-Upon Redacted Copy—May Be Made Public**

Pursuant to the Court's request that the parties confer regarding Lockheed Martin's Motion, Northrop Grumman proposed that Lockheed Martin be given access to the administrative record after the close of the record and the submission of the case to the Court for decision in order to make any proposed redactions it deemed necessary. This should have satisfied any legitimate concern that Lockheed Martin may have regarding the release of protected material. However, Lockheed Martin rejected Northrop Grumman's proposal.

## IV. CONCLUSION

For the foregoing reasons, Northrop Grumman respectfully requests that the Court deny Lockheed Martin's Motion.

_s/ William W. Thompson, Jr.______
William W. Thompson, Jr.
PECKAR, ABRAMSON, BASTIANELLI & KELLEY, LLP
Two Lafayette Centre
1133 21st Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 293-8815
(202) 293-7994 (facsimile)
WThompson@pecklaw.com

Counsel for Northrop Grumman Information Technology, Inc.

Dated: September 29, 2006

*Of Counsel:*
Michael A. Branca
Lori Ann Lange
PECKAR, ABRAMSON, BASTIANELLI & KELLEY, LLP
Two Lafayette Centre

**Agreed-Upon Redacted Copy—May Be Made Public**

1133 21st Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 293-8815
(202) 293-7994 (facsimile)
MBranca@pecklaw.com
Lange@govconlaw.com