# United States Court of Federal Claims

**No. 06-607 C**
**October 18, 2006**

**Northrop Grumman Information Technology, Inc.,**

***Plaintiff,***

**v.**

**United States of America,**

***Defendant.***

**ORDER**

On October 17, 2006, the court held oral argument on plaintiff's motion to supplement the record. As part of plaitniff's motion to supplement the record, plaintiff requested the court: (1) grant plaintiff's permission to depose Ms. Tina Ballard, Mr. Carroll McDonald, and Mr. Timothy Lamb; (2) compel defendant to produce documents related to the procurement in this matter held by the offices of Ms. Tina Ballard and Ms. Annie Andrews; and (3) allow a sworn declaration of an independent expert regarding whether the A-76 requirements were met and whether MEO's proposal represented a "new paradigm" in preforming the required work. Plaintiff argued that each of its requests were necessary to clarify confusion in the record as to material issues. Defendant argued that supplementation of the record was not necessary and suggested that any confusion in the record could be addressed by the submitting questions to the parties for clarification.

After considering the arguments raised by the parties, the court:

1) **DENIED** plaintiff's request to depose Ms. Ballard and **DENIED** plaintiff's request to compel discovery of documents related to the procurement held by Ms. Ballard's office;

2) **DENIED** plaintiff's request to submit a sworn declaration of an independent expert;

3) **PARTIALLY GRANTED** plaintiff's request to depose Mr. McDonald and Mr. Lamb. The parties are **ORDERED** to meet and agree to a limited and narrow set of issues for which plaintiff will be permitted to depose Mr. McDonald and Mr. Lamb. The parties **SHALL** file a **Joint Status Report** by **Wednesday, October 25, 2006**, informing the court as to issues the parties agreed to cover in the depositions and proposing a schedule in which to conduct the depositions;

4) The court reserved judgment on plaintiff's request to compel the production of documents from Ms. Andrews' office. The parties are **ORDERED** to meet and discuss the types of documents, if any, from Ms. Andrews and her office that relate to this procurement and that have not been included in the Administrative Record. Parties should try to determine if any such documents are material to the procurement decision in this matter. The parties **SHALL** inform the court as to their progress on this issue in their **Joint Status Report**.

**IT IS SO ORDERED.**

s/Lawrence J. Block
**Lawrence J. Block**
**Judge**